UNION COMPANY *vs.* WILLIAM SPRAGUE *et ux.*

The fact that a real controversy exists as to the title of realty claimed in an action to recover possession thereof before a Special Court of Common Pleas does not, under Pub. Stat. R. I. cap. 195, §§ 2, 10, deprive such court of its jurisdiction.

A deed conveying a debtor's land in trust so as to make it security for his debts, with a proviso that if the debtor pays such debts and the expenses of the trust the deed shall be void, is a mortgage.

An amendment to a corporate charter changing the name and business of the corporation and increasing its capital need not, under the Constitution of Rhode Island, Article IV. section 17, be continued until an election of members of the General Assembly shall have taken place, but is valid if adopted by the General Assembly to which it is presented.

EXCEPTIONS to a Special Court of Common Pleas.

*March* 6, 1884. CARPENTER, J. This is a bill of exceptions to the ruling of a Special Court of Common Pleas. The action was brought by a purchaser at a sale by Zechariah Chafee under a trust mortgage deed made by the A. & W. Sprague Manufacturing Company and others. The purchaser demanded possession of the mortgaged premises under the statute giving to Special Courts of Common Pleas " cognizance concurrent with the Supreme Court and Court of Common Pleas . . . of all actions brought for the possession of lands, tenements, or estates sold under mortgage or execution, or by order or decree of court," which statute further provides that " no judgment in favor of either party, rendered in any action of trespass and ejectment, commenced in a Special Court of Common Pleas, shall be a bar to an action of trespass and ejectment relating to the same premises or any part thereof, commenced in any court other than a Special Court of Common Pleas." Pub. Stat. R. I. cap. 195, §§ 2, 10.

The case shows that on the first day of December, 1873, the demanded premises were owned by Fanny Sprague, William Sprague, and Amasa Sprague ; that on that day by the deed before mentioned they conveyed the same to Chafee under certain trusts for their creditors ; that subsequently under power contained in the deed Chafee sold and conveyed the premises to the plaintiff ; that subsequent to the delivery of the trust deed one Randolph recovered judgment against William Sprague and Amasa Sprague, and under execution on said judgment their interest was sold and conveyed to Randolph, who afterwards sold and conveyed the same to the defendant Inez Sprague, wife of William Sprague ; that at the date of the writ herein Inez Sprague was in possession claiming title, and that Randolph was a creditor of the Spragues and was not a party to the trust deed. The court directed a verdict for the plaintiff and the defendants excepted.

The first point raised under the exceptions is that the special court has no jurisdiction to try a controverted title to realty. The argument is, that inasmuch as the judgment of such a court cannot be pleaded in bar, therefore the intent of the legislature was that questions of title should not be triable, since it would be idle to try them unless the decision is to be final. Reference is also

made, as bearing upon the intention of the legislature in constituting the court, to the fact that the class of cases enumerated in the statute is, generally speaking, those of landlord against tenant, in which cases the tenant is estopped to deny the landlord's title.

We do not so understand the purpose and scope of the statute. The general purpose undoubtedly was to give a prompt remedy against certain classes of persons, especially delinquent tenants and persons holding by wrongful entry and detainer, who in most cases make no pretence to title and hold in defiance of the law. The terms of the law, however, cover cases in which a real contest may exist as to the title of the demanded premises; and the intent of the legislature, as it seems evident to us, was to provide that in such cases the judgment should not be conclusive except for the purpose of determining the present possession of the land, and that the parties might be left to demand their rights in courts where they might have the advantage which they could then claim in the ordinary courts by an appeal, or by taking a second trial as a matter of course. The statute, as it stood in 1871, gave jurisdiction " of actions brought for possession of tenements or estates against tenants and others who hold and occupy the same by wrongful entry or detainer." Under that statute this court held in *Pettis* v. *Jennings*, 10 R. I. 70, that the jurisdiction extended to actions between persons who did not stand in the relation of landlord and tenant. In 1878 the statute had been amended so as to give jurisdiction " of all actions brought for possession of tenements or estates let, against tenants and others who have broken the terms or conditions of the lease or agreement under which they hold, or who hold or occupy tenements or estates by wrongful entry or detainer," and this statute was held to cover only actions for the possession of tenements or estates let, and not to extend to actions for the possession of tenements or estates generally when held or occupied by wrongful entry or detainer. *Champlin* v. *Horton*, 12 R. I. 123. The clause of the statute under which this action is brought was enacted in 1880, after the decision in *Champlin* v. *Horton*.

It is further objected that the trust deed under which the plaintiff claims is not a mortgage.[1] The deed conveys the land of the

---

[1] This deed is printed in full in *Austin* v. *Sprague Manuf. Co. infra*, p. 464 *sq.*

debtor in such manner as to make it a security for his debts, with a proviso that in case he should pay all such debts and the expenses of the trust, then the deed shall be void. We understand such an instrument to be a mortgage. The distinction between such an instrument as this and a deed of trust for the benefit of creditors is well stated in *Hoffman, Burneston & Co.* v. *Mackall et als.* 5 Ohio St. 124, cited by the defendants.

The second point is that the plaintiff is not a corporation, and so the deed from Chafee is void and this action cannot be maintained. The plaintiff corporation was created by an act of the General Assembly at the May session, 1881, under the name of the " Providence Car Trust Company." At the January session, 1882, an act was passed amending the charter by changing the name to " Union Company," authorizing a much larger capital than was authorized by the original act, and authorizing the corporation to transact business not contemplated by the original act. The seventeenth section of the fourth article of the Constitution is as follows :

" Hereafter, when any bill shall be presented to either house of the General Assembly to create a corporation for any other than for religious, literary, or charitable purposes, or for a military or fire company, it shall be continued until another election of members of the General Assembly shall have taken place, and such public notice of the pendency thereof shall be given as may be required by law."

The plaintiff corporation does not come under either of the excepted classes, and the petition for the amendment was not continued until an election had taken place, but was granted by the same assembly to which it was presented. The argument is that the amendatory act amounted substantially to an act creating a new corporation, and that it was therefore beyond the power of the assembly to enact, and should be held to be unconstitutional and void. In order to sustain this position we ought to be satisfied beyond a doubt of the truth of two propositions : *first,* that an amendment to a charter which radically changes the purpose and powers of the corporation is in effect the creation of a new corporation ; and, *second,* that the amendment in this case was of such a radical character. We are not prepared to say that we could resolve

these questions in favor of the defendant even if there were no other considerations in the case. But there is an additional most weighty consideration. The act in question is one of very-many acts of amendment equally radical and sweeping which have been passed by the General Assembly at different dates since the adoption of the Constitution. To hold that such acts are void would give rise to endless litigations. The uniform practical and legislative construction has been in favor of the validity of these acts. Such a construction, as was stated by the judges in the opinion *In re the Realty Voters, infra* is entitled to great authority. We think it should control in this case.

The conclusion, therefore, is that the exceptions must be overruled.                           *Exceptions overruled.*

    *Charles H. Parkhurst & Rathbone Gardner*, for plaintiff.
    *Ziba O. Slocum & Andrew B. Patton*, for defendants.

NOTE.— The foregoing case was heard by STINESS, TILLINGHAST, and CARPENTER, JJ.